UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD McINTOSH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00455 |
| | § | |
| DEPUTY A.N. RAY, DEPUTY BASS, | § | |
| DEPUTY McHUGH, SERGEANT | § | |
| KING, HARRIS COUNTY, and the | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| OFFICE, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD McINTOSH, PLAINTIFF, complaining of and against DEPUTY A.N. RAY, DEPUTY BASS, DEPUTY McHUGH, SERGEANT KING, HARRIS COUNTY, and the HARRIS COUNTY SHERIFF'S OFFICE (hereinafter collectively, "Defendants"), and for cause of action in support thereof would show unto the Honorable Court and Jury the following:

## I. PARTIES

1.     Plaintiff, RICK McINTOSH, is an individual and resident of Harris County, Texas.

2.     Defendant, DEPUTY A.N. RAY, is an individual and deputy of the Harris County Sheriff's Office.

3.     Defendant, DEPUTY BASS, is an individual and deputy of the Harris County Sheriff's Office.

4.     Defendant, DEPUTY McHUGH, is an individual and deputy of the Harris County Sheriff's Office.

5.     Defendant, SERGEANT KING, is an individual and deputy of the Harris County Sheriff's Office.

6.     Defendant, HARRIS COUNTY, is a governmental unit of the State of Texas and an employer of Defendant Deputy A.N. Ray, Deputy Bass, and Deputy McHugh. Harris County may be served with process by serving its County Judge, The Honorable Lina Hidalgo, at 1001 Preston, Suite 911, Houston, Texas, or wherever she may be found.  This Defendant has been served with citation.

7.     Defendant, HARRIS COUNTY SHERIFF'S OFFICE, is a governmental unit of the State of Texas and an employer of Defendants Deputy A.N. Ray, Deputy Bass, and Deputy McHugh. The Harris County Sheriff's Office may be served with process by serving its Sheriff, The Honorable Ed Gonzalez, at 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.  This Defendant has been served with citation.

## II. JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this civil action because Plaintiffs seek damages in an amount exceeding the Court's minimum jurisdictional limits. Each cause of action is brought pursuant to Texas statute or common law, or 42 U.S.C. § 1983. Defendant has timely removed.

9.      Venue in this case is proper in the United States District Court for the Southern District, Houston Division, pursuant to 28 U.S.C. §1391(b)(2).   The United States District Court for the Southern District, Houston Division, is the district and division in which a substantial part of the events or omissions giving rise to the occurrence that forms the basis of this suit took place.

<u>III. FACTS</u>

10.     On or about November 23, 2018, Plaintiff and his daughter Lindsey were at his home in Harris County, Texas.

11.     Plaintiff was not causing any harm to anyone.

12.     Defendants Deputy A.N. Ray, Deputy Bass, Deputy McHugh, and Sergeant King unlawfully and forcefully entered Plaintiff's home.

13.     They broke down Plaintiff's front door.

14.     They violated Plaintiff's civil rights by violently attacking Plaintiff.

15.     They choked Plaintiff, broke his arms, and broke multiple ribs.

16.     Defendant Deputy A.N. Ray specifically used a "chokehold" upon Plaintiff.

17.     This chokehold was excessive.

18.     This chokehold severely injured Plaintiff.

19.     As a direct and proximate result of this chokehold, Plaintiff went unconscious.

20.     Defendants also kicked Plaintiff while he was unconscious.

21.     Defendants also struck Plaintiff with their knees while he was unconscious.

22.     Defendants also struck Plaintiff with their fists while he was unconscious.

23.     Defendants also derisively referred to Plaintiff, a disabled U.S. military veteran, as "general" as they beat him.

24.     Lindsey, Plaintiff's daughter, began to attempt to film the beating and call 911.

25.     Defendants took Lindsey's husband's cell phone and destroyed it.

26.     Defendants made racist remarks upon Lindsey's husband.

27.      Plaintiff was hospitalized.

28.     As a direct and proximate result of these acts, Plaintiff suffered severe harm and injuries.

29.     Plaintiff was diagnosed with post-traumatic stress disorder and still suffers from his injuries to this day.

## IV. CAUSES OF ACTION

### Against Defendant Deputy A.N. Ray, Individually

*Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights.*

30.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

31.     Deputy A.N. Ray, while acting under the color of state of law as a uniform police officer, deprived Plaintiff of clearly established rights secured to him by the Constitution of the United States of America. Deputy A.N. Ray brutally and using excessive force assaulted Plaintiff without adequate provocation from him. Deputy A.N. Ray's conduct showed conscious indifference to a right to be free of unreasonable seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States

and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy A.N. Ray at the time.

32.    Plaintiff showed no threat to officers or the public when he was beaten. No reasonable officer or person in Deputy A.N. Ray's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.

33.    Deputy A.N. Ray's actions constitute conscious indifference to Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States. His conscious indifference to those rights was the proximate cause of Plaintiffs' injuries. The force Deputy A.N. Ray used was greatly in excess of what the situation required, and his actions are shocking to the public.

34.    Deputy A.N. Ray's actions were taken pursuant to customs and practices of the Harris County Sheriff's Office that are so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Summary Punishment in
Violation of Plaintiff's Fourteenth Amendment Rights.*

35.    Plaintiff hereby fully incorporates the preceding paragraphs by reference. The Fourteenth Amendment to the Constitution of the United States provides that a State may not deprive *any* person of life, liberty, or property without due process of law. Deputy A.N. Ray deprived Plaintiff of his liberty without any due process. Deputy A.N. Ray's violent attack upon Plaintiff occurred despite no provocation or danger to either the

public or Deputy A.N. Ray himself. Deputy A.N. Ray took it upon himself to severely beat Plaintiff.

36.     Deputy A.N. Ray acted under color of state law when he assaulted Plaintiff. Deputy A.N. Ray's actions demonstrate a conscious indifference to Plaintiff's clearly established constitutional right to due process before deprivation of his life or his liberty. Deputy A.N. Ray's actions constituted conscious indifference to Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States, and his conscious indifference to those rights was the producing and proximate cause of Plaintiffs' injuries.

37.     Plaintiff posed no threat to the deputy or the public when he was brutally attacked. No reasonable deputy or person in Deputy A.N. Ray's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public. Moreover, no reasonable deputy would have thought it necessary to beat Plaintiff.

38.     Deputy A.N. Ray's actions were taken pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Cruel and Unusual
Punishment in violation of Plaintiff's Eighth Amendment Rights.*

39.     Plaintiff hereby fully incorporate the preceding paragraphs by reference.

40.     Deputy A.N. Ray violated Plaintiff's rights to be free of cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States, and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy A.N. Ray at the time. While not every action taken may constitute excessive force or cruel and

unusual punishment, the conduct taken by Deputy A.N. Ray was of such a degree as to shock the conscious of the community and the Court. There was no need for Deputy A.N. Ray to severely beat Plaintiff. There was no need for Deputy A.N. Ray to take any of the excessive force actions as listed, *supra*. Deputy A.N. Ray's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiffs' injuries.

41.    This conduct was done pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread to have the force of law.

*Violation of Texas common law – Assault*

42.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

43.    Deputy A.N. Ray intentionally, knowingly, and recklessly caused bodily injury to Plaintiff, when he, *inter alia*, violently and without adequate provocation severely beat. Deputy A.N. Ray used excessive force and deliberately and with conscious indifference severely assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy A.N. Ray to do this. There was no need for Deputy A.N. Ray to take any of the excessive force actions as listed, *supra*. Deputy A.N. Ray's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

*Violation of Texas common law – Gross Negligence*

44.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

45.    Deputy A.N. Ray's conduct, when viewed objectively when the standpoint of him at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Deputy A.N. Ray had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the righty, safety, and welfare of Plaintiff when he severely beat him. Deputy A.N. Ray used excessive force and deliberately and with conscious indifference assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy A.N. Ray to do this. There was no need for Deputy A.N. Ray to take any of the excessive force actions as listed, *supra*. Deputy A.N. Ray's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of the Plaintiff's injuries.

*Violation of Texas common law – Negligence*

46.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

47.    Deputy A.N. Ray's conduct breached his duty of reasonable care due to Plaintiff, specifically when Deputy A.N. Ray used excessive force and beat Plaintiff. Deputy A.N. Ray used excessive force and deliberately and with conscious indifference beat Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy A.N. Ray to do this. There was no need for Deputy A.N. Ray to take any of the excessive force actions as listed, *supra*. Deputy A.N. Ray's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

<u>Against Defendant Deputy Bass, Individually</u>

*Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation*
*of Plaintiff's Fourth and Fourteenth Amendment Rights.*

48.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

49.     Deputy Bass, while acting under the color of state of law as a uniform police officer, deprived Plaintiff of clearly established rights secured to him by the Constitution of the United States of America. Deputy Bass brutally and using excessive force assaulted Plaintiff without adequate provocation from him. Deputy Bass's conduct showed conscious indifference to a right to be free of unreasonable seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy Bass at the time.

50.     Plaintiff showed no threat to officers or the public when he was beaten. No reasonable officer or person in Deputy Bass's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.

51.     Deputy Bass's actions constitute conscious indifference to Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States. His conscious indifference to those rights was the proximate cause of Plaintiffs' injuries. The force Deputy Bass used was greatly in excess of what the situation required, and his actions are shocking to the public.

52.     Deputy Bass's actions were taken pursuant to customs and practices of the Harris County Sheriff's Office that are so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Summary Punishment in*
*Violation of Plaintiff's Fourteenth Amendment Rights.*

53.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

54.     The Fourteenth Amendment to the Constitution of the United States provides that a State may not deprive *any* person of life, liberty, or property without due process of law. Deputy Bass deprived Plaintiff of his liberty without any due process. Deputy Bass's violent attack upon Plaintiff occurred despite no provocation or danger to either the public or Deputy Bass himself. Deputy Bass took it upon himself to severely beat Plaintiff.

55.     Deputy Bass acted under color of state law when he assaulted Plaintiff. Deputy Bass's actions demonstrate a conscious indifference to Plaintiff's clearly established constitutional right to due process before deprivation of his life or his liberty. Deputy Bass's actions constituted conscious indifference to Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States, and his conscious indifference to those rights was the producing and proximate cause of Plaintiffs' injuries.

56.     Plaintiff posed no threat to the deputy or the public when he was brutally attacked. No reasonable deputy or person in Deputy Bass's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public. Moreover, no reasonable deputy would have thought it necessary to beat Plaintiff.

57.     Deputy Bass's actions were taken pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Cruel and Unusual*
*Punishment in violation of Plaintiff's Eighth Amendment Rights.*

58.     Plaintiff hereby fully incorporate the preceding paragraphs by reference.

59.     Deputy Bass violated Plaintiff's rights to be free of cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States, and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy Bass at the time. While not every action taken may constitute excessive force or cruel and unusual punishment, the conduct taken by Deputy Bass was of such a degree as to shock the conscious of the community and the Court. There was no need for Deputy Bass to severely beat Plaintiff. There was no need for Deputy Bass to take any of the excessive force actions as listed, *supra*. Deputy Bass's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiffs' injuries.

60.     This conduct was done pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread to have the force of law.

*Violation of Texas common law – Assault*

61.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

62.     Deputy Bass intentionally, knowingly, and recklessly caused bodily injury to Plaintiff, when he, *inter alia*, violently and without adequate provocation severely beat.

Deputy Bass used excessive force and deliberately and with conscious indifference severely assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy Bass to do this. There was no need for Deputy Bass to take any of the excessive force actions as listed, *supra*. Deputy Bass's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

*Violation of Texas common law – Gross Negligence*

63.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

64.    Deputy Bass's conduct, when viewed objectively when the standpoint of him at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Deputy Bass had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the righty, safety, and welfare of Plaintiff when he severely beat him. Deputy Bass used excessive force and deliberately and with conscious indifference assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy Bass to do this. There was no need for Deputy Bass to take any of the excessive force actions as listed, *supra*. Deputy Bass's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of the Plaintiff's injuries.

*Violation of Texas common law – Negligence*

65.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

66.     Deputy Bass's conduct breached his duty of reasonable care due to Plaintiff, specifically when Deputy Bass used excessive force and beat Plaintiff. Deputy Bass used excessive force and deliberately and with conscious indifference beat Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy Bass to do this. There was no need for Deputy Bass to take any of the excessive force actions as listed, *supra*. Deputy Bass's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

<u>Against Defendant Deputy McHugh, Individually</u>

*Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights.*

67.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

68.     Deputy McHugh, while acting under the color of state of law as a uniform police officer, deprived Plaintiff of clearly established rights secured to him by the Constitution of the United States of America. Deputy McHugh brutally and using excessive force assaulted Plaintiff without adequate provocation from him. Deputy McHugh's conduct showed conscious indifference to a right to be free of unreasonable seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy McHugh at the time.

69.     Plaintiff showed no threat to officers or the public when he was beaten. No reasonable officer or person in Deputy McHugh's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.

70.     Deputy McHugh's actions constitute conscious indifference to Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States. His conscious indifference to those rights was the proximate cause of Plaintiffs' injuries. The force Deputy McHugh used was greatly in excess of what the situation required, and his actions are shocking to the public.

71.     Deputy McHugh's actions were taken pursuant to customs and practices of the Harris County Sheriff's Office that are so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Summary Punishment in Violation of Plaintiff's Fourteenth Amendment Rights.*

72.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

73.     The Fourteenth Amendment to the Constitution of the United States provides that a State may not deprive *any* person of life, liberty, or property without due process of law. Deputy McHugh deprived Plaintiff of his liberty without any due process. Deputy McHugh's violent attack upon Plaintiff occurred despite no provocation or danger to either the public or Deputy McHugh himself. Deputy McHugh took it upon himself to severely beat Plaintiff.

74.     Deputy McHugh acted under color of state law when he assaulted Plaintiff. Deputy McHugh's actions demonstrate a conscious indifference to Plaintiff's clearly

established constitutional right to due process before deprivation of his life or his liberty. Deputy McHugh's actions constituted conscious indifference to Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States, and his conscious indifference to those rights was the producing and proximate cause of Plaintiffs' injuries.

75.     Plaintiff posed no threat to the deputy or the public when he was brutally attacked. No reasonable deputy or person in Deputy McHugh's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public. Moreover, no reasonable deputy would have thought it necessary to beat Plaintiff.

76.     Deputy McHugh's actions were taken pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Cruel and Unusual
Punishment in violation of Plaintiff's Eighth Amendment Rights.*

77.     Plaintiff hereby fully incorporate the preceding paragraphs by reference.

78.     Deputy McHugh violated Plaintiff's rights to be free of cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States, and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Deputy McHugh at the time. While not every action taken may constitute excessive force or cruel and unusual punishment, the conduct taken by Deputy McHugh was of such a degree as to shock the conscious of the community and the Court. There was no need for Deputy McHugh to severely beat Plaintiff. There was no need for Deputy McHugh to take any of the excessive force actions as listed, *supra*. Deputy McHugh's conduct was grossly

disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiffs' injuries.

79.     This conduct was done pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread to have the force of law.

*Violation of Texas common law – Assault*

80.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

81.     Deputy McHugh intentionally, knowingly, and recklessly caused bodily injury to Plaintiff, when he, *inter alia*, violently and without adequate provocation severely beat. Deputy McHugh used excessive force and deliberately and with conscious indifference severely assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy McHugh to do this. There was no need for Deputy McHugh to take any of the excessive force actions as listed, *supra*. Deputy McHugh's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

*Violation of Texas common law – Gross Negligence*

82.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

83.     Deputy McHugh's conduct, when viewed objectively when the standpoint of him at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Deputy McHugh had actual, subjective awareness of the risks involved, but nevertheless preceded with

conscious indifference to the righty, safety, and welfare of Plaintiff when he severely beat him. Deputy McHugh used excessive force and deliberately and with conscious indifference assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy McHugh to do this. There was no need for Deputy McHugh to take any of the excessive force actions as listed, *supra*. Deputy McHugh's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of the Plaintiff's injuries.

*Violation of Texas common law – Negligence*

84.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

85.     Deputy McHugh's conduct breached his duty of reasonable care due to Plaintiff, specifically when Deputy McHugh used excessive force and beat Plaintiff. Deputy McHugh used excessive force and deliberately and with conscious indifference beat Plaintiff in an unjustified, abrupt, malicious act. There was no need for Deputy McHugh to do this. There was no need for Deputy McHugh to take any of the excessive force actions as listed, *supra*. Deputy McHugh's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

Against Defendant Sergeant King, Individually

*Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation
of Plaintiff's Fourth and Fourteenth Amendment Rights.*

86.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

87.     Sergeant King, while acting under the color of state of law as a uniform police officer, deprived Plaintiff of clearly established rights secured to him by the Constitution of the United States of America. Sergeant King brutally and using excessive force assaulted Plaintiff without adequate provocation from him. Sergeant King's conduct showed conscious indifference to a right to be free of unreasonable seizures, as guaranteed by the Fourth Amendment to the Constitution the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Sergeant King at the time.

88.     Plaintiff showed no threat to officers or the public when he was beaten. No reasonable officer or person in Sergeant King's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.

89.     Sergeant King's actions constitute conscious indifference to Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States. His conscious indifference to those rights was the proximate cause of Plaintiffs' injuries. The force Sergeant King used was greatly in excess of what the situation required, and his actions are shocking to the public.

90.     Sergeant King's actions were taken pursuant to customs and practices of the Harris County Sheriff's Office that are so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Summary Punishment in*
*Violation of Plaintiff's Fourteenth Amendment Rights.*

91.  Plaintiff hereby fully incorporates the preceding paragraphs by reference.

92.  The Fourteenth Amendment to the Constitution of the United States provides that a State may not deprive *any* person of life, liberty, or property without due process of law. Sergeant King deprived Plaintiff of his liberty without any due process. Sergeant King's violent attack upon Plaintiff occurred despite no provocation or danger to either the public or Sergeant King himself. Sergeant King took it upon himself to severely beat Plaintiff.

93.  Sergeant King acted under color of state law when he assaulted Plaintiff. Sergeant King's actions demonstrate a conscious indifference to Plaintiff's clearly established constitutional right to due process before deprivation of his life or his liberty. Sergeant King's actions constituted conscious indifference to Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States, and his conscious indifference to those rights was the producing and proximate cause of Plaintiffs' injuries.

94.  Plaintiff posed no threat to the deputy or the public when he was brutally attacked. No reasonable deputy or person in Sergeant King's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public. Moreover, no reasonable deputy would have thought it necessary to beat Plaintiff.

95.  Sergeant King's actions were taken pursuant to a custom and practice of the Houston Police Department that is so widespread as to have the force of law.

*Violations of 42 U.S.C. Section 1983 – Cruel and Unusual
Punishment in violation of Plaintiff's Eighth Amendment Rights.*

96.    Plaintiff hereby fully incorporate the preceding paragraphs by reference.

97.    Sergeant King violated Plaintiff's rights to be free of cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States, and incorporated against the States and their subdivisions by the Fourteenth Amendment to the Constitution of the United States, which was well-known to Sergeant King at the time. While not every action taken may constitute excessive force or cruel and unusual punishment, the conduct taken by Sergeant King was of such a degree as to shock the conscious of the community and the Court. There was no need for Sergeant King to severely beat Plaintiff. There was no need for Sergeant King to take any of the excessive force actions as listed, *supra*. Sergeant King's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiffs' injuries.

98.    This conduct was done pursuant to a custom and practice of the Harris County Sheriff's Office that is so widespread to have the force of law.

*Violation of Texas common law – Assault*

99.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

100.    Sergeant King intentionally, knowingly, and recklessly caused bodily injury to Plaintiff, when he, *inter alia*, violently and without adequate provocation severely beat. Sergeant King used excessive force and deliberately and with conscious indifference severely assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for

Sergeant King to do this. There was no need for Sergeant King to take any of the excessive force actions as listed, *supra*. Sergeant King's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

### *Violation of Texas common law – Gross Negligence*

101.   Plaintiff hereby fully incorporates the preceding paragraphs by reference.

102   Sergeant King's conduct, when viewed objectively when the standpoint of him at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Sergeant King had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the righty, safety, and welfare of Plaintiff when he severely beat him. Sergeant King used excessive force and deliberately and with conscious indifference assaulted Plaintiff in an unjustified, abrupt, malicious act. There was no need for Sergeant King to do this. There was no need for Sergeant King to take any of the excessive force actions as listed, *supra*. Sergeant King's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of the Plaintiff's injuries.

### *Violation of Texas common law – Negligence*

103.   Plaintiff hereby fully incorporates the preceding paragraphs by reference.

104.   Sergeant King's conduct breached his duty of reasonable care due to Plaintiff, specifically when Sergeant King used excessive force and beat Plaintiff.

Sergeant King used excessive force and deliberately and with conscious indifference beat Plaintiff in an unjustified, abrupt, malicious act. There was no need for Sergeant King to do this. There was no need for Sergeant King to take any of the excessive force actions as listed, *supra*. Sergeant King's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. This conduct was the proximate cause of Plaintiff's injuries.

<u>Against Defendants Harris County and Harris County Sheriff's Office</u>

*Violations of 42 U.S.C. Section 1983 – Policy and Procedures of Excessive Force, Depravation of Life and Liberty Without Due Process, and Cruel and Unusual Punishment*

105.    Plaintiff hereby incorporates the preceding paragraphs by reference.

106.    Defendant Harris County and Defendant Harris County Sheriff's Office have a policy of using excessive force, deprivation of liberty without due process, and of cruel and unusual punishment; this is clear from the reactions of the other deputies that were present while Deputy A.N. Ray, Deputy Bass, Deputy McHugh, and Sergeant King were assaulting Plaintiff. None of those present prevented any Defendant from repeatedly assaulting Plaintiff. Defendant Harris County and Defendant Harris County Sheriff's Office may not have had a written policy authorizing excessive use of force, deprivation of liberty without due process, or cruel and unusual punishment, but it is apparent that all of the foregoing were standard operating procedures for the Defendants. By tacitly approving of these violations and by its proclivity to "turning a blind eye," so to speak, to gross violations of clearly established constitutional rights, Defendants created a policy of

brutality, of excessive force, of deprivation of life and liberty without due process, and of cruel and unusual punishment. This practice is so pervasive as to have the force of law.

107.    This policy of brutality, excessive force, deprivation of liberty without due process, and cruel and unusual punishment demonstrates a conscious indifference to the clearly established constitutional rights secured to any person under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. The foregoing policies were the producing and proximate causes of Plaintiff's injuries.

*Violations of 42 U.S.C. Section 1983:*
*Policy and Procedure: Failure to Properly Train*

108.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

109.    Defendant Harris County and Defendant Harris County Sheriff's Office failed to adequately train its deputies in the following areas:

        a.      Proper escalation of force;

        b.      the use of excessive force;

        c.      the illegality of excessive force;

        d.      the constitutional limits of the use of force;

        e.      the necessary and proper limits of force in a tense situation;

        f.      how to negotiate with an unwell detainee;

        g.      use of lethal force;

        h.      how to avoid using lethal force;

        i.      appropriate de-escalation;

        j.      avoiding needless death;

k.      avoiding needless use of a firearm;

l.      avoiding cruel and unusual punishment; and

m.      avoiding interference with the parent-child relationship by avoiding killing fathers of young children.

110.    The policy of failing to adequately train its officers shows a conscious indifference to the rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States to the citizens and people of Harris County, Plaintiff in particular. Defendant Harris County and Defendant Harris County Sheriff's Office failure to properly train its deputies is so reckless that misconduct by its officers was inevitable. The policy of inadequate training was a producing and proximate cause of Plaintiff's injuries, and is so pervasive as to have the force of law.

*Violations of the Texas Civil Practice and*
*Remedies Code §101.021(2) – Texas Tort Claims Act*

111.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

112.    This cause of action is advanced against Defendant Harris County and Defendant Harris County Sheriff's Office. Defendants' conduct toward Plaintiff violated the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Sec. 101.001, *et seq*.

113.    Defendants Deputy A.N. Ray, Deputy Bass, Deputy McHugh, and Sergeant King were acting in the course and scope of their employment for Defendant Harris County and Defendant Harris County Sheriff's Office, and thereby the doctrine of *respondeat superior* applies, and vicarious liability of the employer for the employees'/agents' conducts follows.

114.     Defendant Harris County and Defendant Harris County Sheriff's Office's negligence and gross negligence proximately caused Plaintiff's injuries, when Defendant Harris County and Defendant Harris County Sheriff's Office's agents, Deputy A.N. Ray, Deputy Bass, Deputy McHugh, and Sergeant King, *inter alia*, beat Plaintiff by use of excessive force, unnecessary force, and deprivation of Plaintiff's constitutional rights. The agent deputies caused the injuries of Plaintiff, by the condition and use of tangible personal property of Defendant Harris County and Defendant Harris County Sheriff's Office, namely handcuffs.

115.     Defendant Harris County and Defendant Harris County Sheriff's Office's deputies caused personal injury and death by condition and use of the aforementioned tangible personal property to the extent that they, were they private persons, would be liable to Plaintiffs according to Texas law.

## V. DAMAGES

116.     As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' wrongful acts, including negligence and gross negligence, the Plaintiff suffered serious injuries, will likely sustain additional serious damages in the future, and is entitled to recover:

        a.     mental anguish;

        b.     physical pain;

        c.     physical suffering;

        d.     mental or emotional pain or anguish;

        e.     loss of consortium;

f.      disfigurement;

g.      physical impairment;

h.      loss of companionship;

i.      loss of society;

j.      inconvenience;

k.      loss of enjoyment of life;

l.      injury to reputation;

m.      all other nonpecuniary damages as may be supplemented;
        past medical bills and expenses incurred as a proximate result
        of the occurrence made the basis of this suit;

o.      loss of income and wages;

p.      loss of earning potential;

q.      loss of household services;

r.      all other pecuniary damages as may be supplemented;

s.      exemplary damages;

t.      costs of court;

u.      expert fees;

v.      necessary and reasonable attorney's fees;

w.      pre-judgment interest;

x.      post-judgment interest; and

y.      all other miscellaneous damages as may be supplemented.

## VI. EXEMPLARY DAMAGES

117.    Plaintiff hereby fully incorporates the preceding paragraph by reference as if fully stated herein.

118.    Plaintiff would further show that the above described acts and omissions of Defendants were committed with malice and reckless indifference to the protected rights of Plaintiff, as that term is defined by the Texas Civil Practice and Remedies Code § 41.003(11). The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoints at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Further, Defendants had actual, subjective awareness of the risks involved, but nevertheless disregarded those risks, proceeding with conscious indifference to the rights, safety, and welfare of others. Thus, Plaintiff pleads to the fullest extent allowable under Texas law his right to recover exemplary and punitive damages.

119.    Plaintiff would further show that the above described acts and omissions of Defendants were committed with reckless and callous indifference to the federally protected rights of others, namely Plaintiff, and was motivated by an evil intent. Thus, Plaintiff pleads to the fullest extent allowable under 42 U.S.C. § 1983 his right to recover exemplary and punitive damages.

## VII. EXPERT FEES

120.    Plaintiff is further entitled to receive expert fees, pursuant to 42 U.S.C. § 1988.

## VIII. ATTORNEY'S FEES

121.    Plaintiff is further entitled to receive reasonable and necessary attorney's fees, pursuant to 42 U.S.C. § 1988.

## X. JURY DEMAND

122.    Plaintiff hereby demand a trial by jury and the appropriate fees has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff has and recovers judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for all other such relief, both in law and in equity, to which the Honorable Court establishes Plaintiff is entitled.

Respectfully submitted,

ROBERTS MARKLAND LLP

By:    */s/ Rob O. Cantu*
Rob O. Cantu
Fed. Bar ID No. 3180919
2555 N. MacGregor Way
Houston, Texas 77004
Telephone (713) 630-0900
Facsimile (713) 630-0991
Email: rc@robertsmarkland.com
Email: eservice@robertsmarkland.com

ATTORNEY FOR PLAINTIFF

<u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, and further pursuant to Local Rule 5.3 of the Local Rules of the United States District Court for the Southern District of Texas, I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system on the 5th day of March, 2021

*/s/ Rob O. Cantu*

Rob O. Cantu