IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD MCINTOSH, <br> *Plaintiff*, <br> v. <br> DEPUTY A.N. RAY, DEPUTY BASS, DEPUTY MCHUGH, SERGEANT KING, HARRIS COUNTY, AND THE HARRIS COUNTY SHERIFF'S OFFICE, <br> *Defendants*. | Civil Action No. 4:21-CV-0455 |

## DEFENDANTS COLIN McHUGH AND CHAD KING'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants COLIN McHUGH and CHAD KING ("Defendants" or by individual names) file this their answer, defenses, and affirmative defenses to Plaintiff's Amended Complaint [Doc #15]. In support of said answer and defenses, Defendants would respectfully show this Court as follows:

### I. Answer

1.  With respect to the first unnumbered paragraph, no response is required. To the extent a response is required, Defendants deny that they are liable to Mr. McIntosh.

2.  With respect to the allegations contained in paragraph 1, Defendants admit that Mr. Richard McIntosh is an individual who has resided in Harris County, Texas.

3.  Defendants admit the allegations in paragraph 2.

4.  With respect to the allegations in paragraph 3, Defendants admit that David Bass is an individual and a deputy in the Harris County Sheriff's Office.

5.     With respect to the allegations in paragraph 4, Defendants admit that Colin McHugh is a Sergeant in the Harris County Sheriff's Office.

6.     With respect to the allegations in paragraph 5, Defendants admit that Chad King is a Sergeant in the Harris County Sheriff's Office.

7.     With respect to the allegations in paragraph 6, Defendants admit that Harris County employs the listed personnel and that Harris County may be served with process by serving its County Judge, Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas.

8.     With respect to the allegations in paragraph 7, Defendants deny that the Harris County Sheriff's Office is a jural entity and further deny it is subject to service of process.

9.     With respect to the allegations in paragraph 8, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims but deny that Plaintiff is entitled to any damages under federal or state causes of action.

10.    With respect to the allegations in paragraph 9, Defendants admit that venue is proper.

11.    Defendants are without sufficient knowledge and information to admit or deny the truth of the allegations in paragraph 10 and 11.

12.    Defendants deny the allegations in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23.

13.    With respect to the allegations in paragraph 24, Defendants deny that the subjected Mr. McIntosh to a beating and are without sufficient knowledge or information to admit or deny the truth of the remaining allegations

14.    Defendants deny the allegations in paragraph 25, 26, and 28.

15. Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations in paragraphs 27 and 29.

16. Defendants admit that in paragraph 30, Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

17. With respect to paragraph 31, Defendants admit that Deputy Ray acted under color of state law as a uniform Sheriff Deputy in an encounter with Mr. McIntosh on November 22, 2018, but deny the remaining allegations.

18. Defendants deny the allegations in paragraphs 32 and 33.

19. Defendants deny the allegations as stated in paragraph 34 and specifically deny the implied allegation that instances of excessive force are widespread within the Harris County Sheriff's Office.

20. With respect to the allegations in paragraph 35, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs and deny the allegations.

21. With respect to paragraph 36, Defendants admit that Deputy Ray acted under color of state law as a uniform Sheriff Deputy in an encounter with Mr. McIntosh on November 22, 2018, but deny the remaining allegations.

22. Defendants deny the allegations in paragraph 37.

23. Defendants deny the allegations as stated in paragraph 38 and specifically deny the implied allegation that instances of conscious indifference to constitutional rights are widespread within the Harris County Sheriff's Office.

24. With respect to the allegations in paragraph 39, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

25. Defendants deny the allegations in paragraph 40.

26. With respect to the allegations in paragraph 41, Defendants deny the allegations as stated and deny the implied allegation that the imposition of cruel and unusual punishment by Harris County Deputies is widespread.

27. With respect to the allegations in paragraph 42, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

28. Defendants deny the allegations in paragraph 43.

29. With respect to the allegations in paragraph 44, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

30. Defendants deny the allegations in paragraph 45.

31. With respect to the allegations in paragraph 46, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

32. Defendants deny the allegations in paragraph 47.

33. With respect to the allegations in paragraph 48, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

34. Defendants deny the allegations in paragraphs 49, 50, and 51, except that they admit Deputy Bass acted under color of state law when he drove Mr. McIntosh from jail to the hospital.

35. With respect to the allegations in paragraph 52, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

36. With respect to the allegations in paragraph 53, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

37. Defendants deny the allegations in paragraphs 54, 55, and 56.

38. With respect to the allegations in paragraph 57, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

39. With respect to the allegations in paragraph 58, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

40. Defendants deny the allegations in paragraph 59.

41. With respect to the allegations in paragraph 60, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

42. With respect to the allegations in paragraph 61, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

43. Defendants deny the allegations in paragraph 62.

44. With respect to the allegations in paragraph 63, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

45. Defendants deny the allegations in paragraph 64.

46. With respect to the allegations in paragraph 65, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

47. Defendants deny the allegations in paragraph 66.

48. With respect to the allegations in paragraph 67, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

49. Defendants deny the allegations in paragraph 68, 69, and 70, except they admit that Sergeant McHugh acted under color of state law as a uniform Sergeant in the Harris County Sheriff's Office.

50. With respect to the allegations in paragraph 71, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

51. With respect to the allegations in paragraph 72, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

52. Defendants deny the allegations in paragraph 73, 74, and 75, except they admit that Sergeant McHugh acted under color of state law as a uniform Sergeant in the Harris County Sheriff's Office.

53. With respect to the allegations in paragraph 76, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

54. With respect to the allegations in paragraph 77, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

55. Defendants deny the allegations in paragraph 78.

56. With respect to the allegations in paragraph 79, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

57. With respect to the allegations in paragraph 80, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

58. Defendants deny the allegations in paragraph 81.

59.  With respect to the allegations in paragraph 82, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

60.  Defendants deny the allegations in paragraph 83.

61.  With respect to the allegations in paragraph 84, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

62.  Defendants deny the allegations in paragraph 85.

63.  With respect to the allegations in paragraph 86, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

64.  Defendants deny the allegations in paragraph 87, 88, and 89, except they admit that Sergeant King acted under color of state law as a uniform Sergeant in the Harris County Sheriff's Department.

65.  With respect to the allegations in paragraph 90, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

66.  With respect to the allegations in paragraph 91, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

67.     Defendants deny the allegations in paragraphs 92, 93, and 94, except they admit that Sergeant King acted under color of state law as a uniform Sergeant in the Harris County Sheriff's Department.

68.     With respect to the allegations in paragraph 95, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

69.     With respect to the allegations in paragraph 96, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

70.     Defendants deny the allegations in paragraph 97.

71.     With respect to the allegations in paragraph 98, Defendants deny the allegations as stated and deny the implied allegation that the customs and practices of the Harris County Sheriff's Office are unconstitutional.

72.     With respect to the allegations in paragraph 99, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

73.     Defendants deny the allegations in paragraph 100.

74.     With respect to the allegations in paragraph 101, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

75.     Defendants deny the allegations in paragraph 102.

76. With respect to the allegations in paragraph 103, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

77. Defendants deny the allegations in paragraph 104.

78. With respect to the allegations in paragraph 105, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

79. Defendants deny the allegations in paragraphs 106 and 107.

80. With respect to the allegations in paragraph 108, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

81. Defendants deny the allegations in paragraphs 109 and 110.

82. With respect to the allegations in paragraph 111, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

83. Defendants deny the allegations in paragraph 112.

84. In answer to the allegations in paragraph 113, Defendants admit that on November 22, 2018, Deputies Ray and Bass and Sgts. McHugh and King were acting in the course and scope of their employment for Harris County but deny that they committed any tortious act and further deny that Harris County is liable under *respondeat superior*.

85. Defendants deny the allegations in paragraphs 114 and 115.

86. Defendants deny the allegations in paragraph 116 and each of its subparts.

87. With respect to the allegations in paragraph 117, Defendants admit Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

88. Defendants deny the allegations in paragraphs 118, 119, 120, and 121.

89. Paragraph 122 does not make an allegations which requires a response. Defendants also request trial by jury.

90. In answer to the unnumbered Prayer, Defendants deny that Plaintiff is entitled to any damages and to any requested judgment.

91. Defendants deny all previously unanswered allegations contained in the Amended Complaint.

## II. Defenses and Affirmative Defenses

92. Defendants assert the statute of limitations defense.

93. Defendants state that Plaintiff fails to state claim for relief because their actions in question (1) were done within the scope of their discretionary authority and in the course of their official responsibilities, (2) were objectively reasonable, and (3) did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

94. Defendants state that Plaintiff's Amended Complaint fails to state an actionable claim against them under federal law.

95. Defendants state that any and all state law claims made against them are barred by Section 101.106, Texas Civil Practices and Remedies Codes.

96. Defendants state that reasonable suspicion existed to detain Mr. McIntosh and probable cause existed to arrest Mr. McIntosh.

97. Defendants assert at all relevant times, they were licensed peace officers employed by Harris County and as such are entitled to qualified immunity and official immunity from suit and from damages because they acted without malice, without an intent to deprive Mr. McIntosh of any clearly established rights, with a reasonable good faith belief that their actions were lawful, proper, and within as well as pursuant to the scope of their discretionary authority as peace officers, and they did not violate clearly established law of which a reasonable person would have known.

98. Defendants assert that at all times they acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and are entitled to official immunity for any state law claims.

99. Defendants further assert that they cannot be liable to Plaintiff regarding any state law claims, because they were acting without the course and scope of their public duty in the performance of a government function and when an employee acts in such capacity, that employee's liability can be no greater than that of the governmental entity.

100. Defendants further assert the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

101. Defendants state at all relevant times they used only the amount of force objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

102. Defendants state that all force used by them and other Sheriff officials on November 22, 2018 was reasonable, necessary and justified based on the totality of circumstances.

103. Mr. McIntosh's own actions were the sole cause or alternatively the proximate cause of the incident in question.

104. Defendants would further show that the claims asserted by Plaintiff are frivolous, unreasonable or groundless. A prevailing defendant is entitled to attorney's fees in a civil rights actions when a Plaintiff's underlying claim is frivolous, unreasonable or groundless. Defendants will seek to recover their reasonable and necessary attorney's fees as a prevailing party in defending against Plaintiff's frivolous and groundless claims.

### III. Jury Demand

105. Defendants request trial by jury.

106. Defendants reserve the right to amend or supplement their Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendants McHugh and King pray that Mr. McIntosh take nothing by his suit, that they recover their costs and all other relief they may be entitled to in law and equity.

Respectfully submitted,

OF COUNSEL:
CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

/s/ Jim Butt
**Jim Butt**
Assistant County Attorney
Federal Bar No. 725423
State Bar No. 24040354
1019 Congress, 15th Floor
Houston, Texas 77002

Phone: (713) 274-5133
Email: james.butt@cao.hctx.net

ATTORNEY FOR DEFENDANTS MCHUGH AND KING

## CERTIFICATE OF SERVICE

I certify that on March 12, 2021, I served a true and correct copy of this notice to counsel of record, by electronic service:

Rob O. Cantu
Roberts Markland LLP
2555 N. Macgregor Way
Houston, TX 77004
Phone: (713) 630-0900
Fax: (713) 630-0991
rc@robertsmarkland.com
*Counsel for Plaintiff*

                                                      /s/  Jim Butt
                                                      **JIM BUTT**