United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD MCINTOSH, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-00455 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| DEPUTY A.N. RAY, *et al*, | § | |
| Defendants. | § | |

## OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

The motions to dismiss by Defendants Harris County, Deputy David Bass, Sergeant Chad King, Deputy Colin McHugh, and Deputy Adam Ray are granted. Dkts 32, 33 & 40.

1. Background

Plaintiff Richard McIntosh alleges that Harris County and members of the Harris County Sheriff's Office violated his constitutional rights. He says that he assisted a young homeless woman, who was at that time "being human trafficked by an unascertained pimp," who called 9-1-1 and falsely claimed that McIntosh had assaulted her when she came to his home for Thanksgiving dinner. Dkt 31 at ¶¶ 10–14. He asserts that Ray, Bass, and McHugh came to his home in response to the call; Ray immediately placed him in a "*de facto* chokehold," causing him to collapse to the ground; Ray then placed him in a "formal chokehold" when he regained consciousness; and King arrived and "joined in the beating" when McIntosh and his daughter called for a supervisor. Id at ¶¶ 44–47 & 51–53. He maintains that the chokehold constituted excessive force and resulted in severe injuries. Id at ¶¶ 48–50.

McIntosh was arrested. He later filed this lawsuit in state court to assert claims under both 42 USC § 1983 and state law against Harris County, the Harris County Sheriff's Office, and each individual officer. See generally Dkt 1-5 at 2–30. He contends that there exists "an official, unwritten custom" of arresting an individual any time a domestic disturbance call is made and of using "illegal chokeholds on detainees." Dkt 31 at ¶¶ 15–18.

The action was removed here. Dkt 1. Defendants Harris County and the Harris County Sheriff's Office moved to dismiss the claims asserted against them. Dkt 18. McIntosh at hearing consented to dismissal with prejudice of the state law tort claims against the Harris County Sheriff's Office. See ME of 04/29/2021. The municipal liability claims against Harris County were dismissed without prejudice and with leave to replead. Ibid. McIntosh later dismissed with prejudice all claims against the Harris County Sheriff's Office and all claims for punitive and exemplary damages against Harris County. See Dkts 34, 35 & 37.

McIntosh filed a second amended complaint asserting claims under Section 1983 for violation of his Fourth and Fourteenth Amendment rights against Harris County as a municipality and against Ray, Bass, McHugh, and King as individuals. Dkt 31. Harris County, Bass, McHugh, and King moved to dismiss for failure to state a claim. See Dkts 32 & 33. Ray moved to dismiss on the basis that he has never been served. Dkt 40.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v*

*Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But courts don't accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). And the court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014), quoting *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000).

3. Analysis

*As to Harris County*. McIntosh maintains in his second amended complaint that Harris County violated certain of his constitutional rights by having official, unwritten customs of arresting individuals anytime a domestic disturbance call was made and using illegal chokeholds on detainees. Dkt 31 at ¶¶ 105–07. He also claims that its failure to properly train directly led to the deprivation of his constitutional rights. Id at ¶¶ 108–15. Harris County contends that McIntosh's claims are deficient even after repleading. See Dkt 32.

The standards here are familiar:

> [M]unicipal liability under Section 1983 doesn't extend merely on a *respondeat superior* basis. *Monell v Department of Social Services,* 436 US 658, 691 (1978). The plaintiff must show that an official policy promulgated by the municipal

> policymaker was the "moving force" behind the violation of a constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001) (citations omitted). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020) (emphasis in original), quoting *Pembaur v Cincinnati*, 475 US 469, 479 (1986).

*Hunter v City of Houston*, 2021 WL 4481092, *8 (SD Tex).

McIntosh fails to establish the necessary elements of his claim that Harris County has a policy and procedure to use excessive force. He doesn't identify either the official policy or the municipal policymaker necessary to establish that Harris County was the "moving force" behind the alleged violations of his constitutional rights. To the extent he even mentions a policy or makes reference to Harris County Sheriff Ed Gonzalez, it's in utterly conclusory terms. Dkt 31 at ¶¶ 106 & 107. That's insufficient. See *Pena v City of Rio Grande City*, 879 F3d 613, 622 (5th Cir 2018), and *Harvey v Montgomery County*, 881 F Supp 2d 785, 797 (SD Tex 2012).

Even if better understood as a claim for ratification of the officers' specific actions, the Fifth Circuit holds, "Ratification in this context requires that a policymaker knowingly approve a subordinate's actions and the improper basis for those actions. Otherwise, unless conduct is 'manifestly indefensible,' a policymaker's mistaken defense of a subordinate who is later found to have broken the law is not ratification chargeable to the municipality." *Covington v City of Madisonville*, 812 F Appx 219, 228 (5th Cir 2020, *per curiam*), citing *Praprotnik*, 485 US at 127, and *Beattie v Madison County School District*, 254 F3d 595, 603 n 9 (5th Cir 2001). But there's nothing beyond

4

conclusory allegation of a policymaker's knowing approval of action and the improper basis for those actions.

McIntosh also fails to establish the necessary elements of his failure-to-train claim. The elements of such a claim are (i) the training procedures of the municipality's policymaker were inadequate, (ii) the policymaker was deliberately indifferent in adopting the training policy, and (iii) the inadequate training policy directly caused the plaintiff's injury. *Conner v Travis County*, 209 F3d 794, 796 (5th Cir 2000), quoting *Baker*, 75 F3d at 200; see also *Pena*, 879 F3d at 623, citing *Thompson*, 245 F3d at 459. McIntosh in no way alleges facts to establish that Harris County was deliberately indifferent in adopting a training policy, the inadequacy of which directly caused his injury. This is mainly so because he fails even to identify the subject policy. Nor is there any allegation either identifying a municipal policymaker or linking municipal action to that policymaker. See *Taylor*, 488 F Supp 3d at 537–38. He does purport to identify similar incidents, but without any explanation of the facts, circumstances, and findings as to those alleged incidents. Dkt 31 at ¶¶ 111 & 112. That's again conclusory and insufficient.

The claims against Harris County will be dismissed.

*As to Bass, McHugh, King, and Ray.* Bass, McHugh, and King argue that McIntosh simply hasn't stated a claim against them for which relief may be granted. Dkt 33. Ray contends that he hasn't been properly served. Dkt 40.

McIntosh didn't respond to either motion. "Failure to respond to a motion will be taken as a representation of no opposition." LR 7.4. The motions will be granted on that basis.

### 4. Potential for repleading

Rule 15(a)(2) states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within

5

the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

A previous motion by Harris County to dismiss was granted, with instruction to McIntosh to refer to this Court's opinions in *Taylor v Hartley*, 488 F Supp 3d 517 (SD Tex 2020), and *McWilliams v City of Houston*, 2021 WL 2445878, as to standards for repleading these claims. ME of 04/29/2021. McIntosh has failed to cure the deficiencies in his pleading. Dismissal will thus be with prejudice.

5. Conclusion

The motion to dismiss by Defendant Harris County is GRANTED. Dkt 32.

The motion to dismiss by Defendants David Bass, Colin McHugh, and Chad King is GRANTED. Dkt 33.

The motion to dismiss by Defendant Adam N. Ray is GRANTED. Dkt 40.

The claims by Plaintiff Richard McIntosh in this action are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on February 10, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge